# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>GUNINDER KAUR,<br><br>        Defendant. | 1:16-cv-01223-AWI-BAM<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 10)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. On October 18, 2016, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on October 26, 2016, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.[1]

**I.    Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] On September 27, 2016, after the filing of this action, Plaintiff was declared a vexatious litigant subject to a pre-filing order in *Cranford v. Crawford*, Case No 1:14-cv-00055-AWI-MJS. As the instant action was filed prior to that order, the Court will screen the first amended complaint to determine if Plaintiff states a cognizable claim.

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff is housed at Coalinga State Hospital ("CSH"), where the events in the complaint are alleged to have occurred.  Plaintiff names Guninder Kaur, R.N. as the sole defendant.

Plaintiff alleges as follows:

> Now comes plaiaitiff Cranford hoom states that the defendant mrs Kaur violated my right to medical privacy by informing a nuther staff member of my medical condishion the outher staff member was not a member of the medical staff and the medical matter was that the plaintiff was having sevear chest pains and reported the fact to the defendant which she informed the staff member hoom was not a member of the medical staff what should have been done was that the defendant should have taken plaintiffs vitals and keept doing so for 3 separt times and if the vitals where high for 3 times apart from each outher then he the plaintiff would have been placed in the U.C.R. unit of coalinga state hospital and the non medical staff would not have knowen eenything about the process that should have taken place in short just the reverse took place there for my righjt to medical privacy was violated and my right to adequate medical care was violated as well.

(ECF No. 10, p. 1) (unedited text).  Plaintiff identifies no specific form of relief.

## III. Discussion

Plaintiff is currently a civil detainee being held as a sexually violent predator.  He alleges that his right to medical privacy was violated when Defendant Kaur informed another staff member that Plaintiff was having severe chest pains.  Plaintiff further alleges that Defendant Kaur should have taken his vitals.

### A. Right to Privacy

The United States Constitution protects a right to privacy regarding "the individual interest in avoiding disclosure of personal matters." Whalen v. Roe, 429 U.S. 589, 599 (1977). The Ninth Circuit has found a constitutionally protected interest in avoiding disclosure of personal matters, including medical information, in certain circumstances.  See Norman-

Bloodsaw v. Lawrence Berkeley Laboratory, 135 F.3d 1260, 1269 (9th Cir. 1996) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality."). Assuming the existence of a right in avoiding unauthorized disclosure of medical information for civil detainees, Seaton v Mayburg, 610 F.3d 530, 537-41 (9th Cir. 2010), Plaintiff has failed to allege sufficient facts to state a claim that is plausible on its face.

In particular, Plaintiff fails to identify the circumstances surrounding the disclosure. For instance, the Court cannot determine whether the other individual was present when Plaintiff was experiencing chest pains, if Plaintiff also disclosed his condition to the other individual, or if the disclosure was in connection with providing treatment, evaluation, or care to Plaintiff.

Where the disclosure it to a government employee, as suggested in this case, "[t]he privacy protection afforded medical information is not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." Roe v. Sherry, 91 F3d 1270 (9th Cir. 1996) (citation omitted); Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002). In making the determination whether a governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. Id.; Seaton, 610 F.3d at 534-35.

Absent further detail surrounding the alleged disclosure, including the context, the Court cannot determine whether Plaintiff states a cognizable claim for relief. Plaintiff will be given one final opportunity to amend his complaint to state a cognizable claim for relief.

### B. Right to Medical Care

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of

confinement are designed to punish." <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004) (quoting <u>Youngberg</u>, 457 U.S. at 321-22). Thus, to avoid liability, Defendant's decision must be supported by "professional judgment." <u>Youngberg</u>, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." <u>Youngberg</u>, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim. At best, Plaintiff has alleged that he complained of chest pains, but he has not identified any resulting harm or consequences resulting from the pain or from Defendant Kaur's purported failure to take his vitals. In the absence of any such allegations, Defendant Kaur's conduct appears to be supported by a professional judgment that Plaintiff did not require any treatment. The absence of any apparent consequence or harm also suggests that Plaintiff was treated within accepted standards.

### IV.   Conclusion and Order

Plaintiff's complaint fails to state a claim for which relief may be granted. As Plaintiff is proceeding pro se, he will be given a **final opportunity** to amend his complaint to the extent that he can do so in good faith. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

   Dated:   **December 19, 2016**              /s/ Barbara A. McAuliffe            
                                       UNITED STATES MAGISTRATE JUDGE