# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>     v.<br><br>GUNINDER KAUR,<br><br>              Defendant. | 1:16-cv-01223-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE CLAIM<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. On December 20, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on December 30, 2016, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.[1]

## I.     Screening Requirement

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] On September 27, 2016, after the filing of this action, Plaintiff was declared a vexatious litigant subject to a pre-filing order in *Cranford v. Crawford*, Case No 1:14-cv-00055-AWI-MJS. As the instant action was filed prior to that order, the Court will screen the second amended complaint to determine if Plaintiff states a cognizable claim.

1

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>

## II.   Allegations in Complaint

Plaintiff is housed at Coalinga State Hospital ("CSH"), where the events in the complaint are alleged to have occurred.  Plaintiff names Guninder Kaur, R.N. as the sole defendant.

In relevant part, Plaintiff alleges as follows:

> Now comes Plaintiffs Second Complaint The Defendant is a nurs employed at C.S.H. and is fully awaire of the Constutional and Hospitals laws regarding patients right to pricivy and pricivy of nurseing practice of which the defendant delibertly violated.  Plaintiff approached her with a complaint of chest pain and the defendant approached several non medical personal inquiring if a non medical personal would come with her while she treated plaintiff a non medical complyed with the defendants request and in doing so plaintiffs right to medical pricivy was violated becuse the sevearty of pliantiffs chest pain was made knowen to a non medical employee.  Plaintiffs vitals was also made knowen.  There are a hospital full of danguris patients that would not stop at nuthing to get plaintiffs condishion and the informashion could easley be optained from the non employee.

(ECF No. 12, pp. 1-2) (unedited text).  Plaintiff identifies no specific form of relief.

## III.   Discussion

Plaintiff is currently a civil detainee being held as a sexually violent predator.  He alleges that his right to medical privacy was violated when Defendant Kaur asked another staff member to accompany her while she treated Plaintiff for severe chest pains.  Plaintiff further alleges that Defendant Kaur revealed his vitals to the other staff member.

### A. Right to Privacy

The United States Constitution protects a right to privacy regarding "the individual interest in avoiding disclosure of personal matters." <u>Whalen v. Roe</u>, 429 U.S. 589, 599 (1977). The Ninth Circuit has found a constitutionally protected interest in avoiding disclosure of personal matters, including medical information, in certain circumstances.  <u>See</u> <u>Norman-</u>

Bloodsaw v. Lawrence Berkeley Laboratory, 135 F.3d 1260, 1269 (9th Cir. 1996) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality."). Assuming the existence of a right in avoiding unauthorized disclosure of medical information for civil detainees, Seaton v Mayburg, 610 F.3d 530, 537-41 (9th Cir. 2010), Plaintiff has failed to allege sufficient facts to state a claim that is plausible on its face.

Where the disclosure is to a government employee, as alleged in this case, "[t]he privacy protection afforded medical information is not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." Roe v. Sherry, 91 F3d 1270 (9th Cir. 1996) (citation omitted); Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002). In making the determination whether a governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. Id.; Seaton, 610 F.3d at 534-35.

In this instance, Defendant Kaur asked the other staff member to accompany her while she treated Plaintiff for his severe chest pains. As Plaintiff witnessed this interaction, it is apparent that he presented to Defendant Kaur with chest pains in the presence of other non-medical staff at the hospital. Given this circumstance, there is no indication that non-medical personnel learned of Plaintiff's medical condition from Defendant Kaur in the first instance and not from Plaintiff's voluntary disclosure. There also is no indication that Plaintiff objected to any initial or subsequent disclosure of his condition or the attendance of non-medical personnel during his treatment. Further, Plaintiff's own allegations indicate that Defendant Kaur enlisted the assistance of non-medical personnel to facilitate treatment of Plaintiff's condition. Thus, in light of Plaintiff's complaint of chest pains, the degree of need for access was high. Plaintiff's remaining contentions concerning the potential for disclosure to other patients is speculative at best, and does not support a claim for violation of his constitutional rights.

### IV. Conclusion and Recommendations

Plaintiff's complaint fails to state a claim for which relief may be granted. Despite multiple attempts, Plaintiff has been unable to cure the deficiencies in his complaint and further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to state a cognizable claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 3, 2017**         /s/ Barbara A. McAuliffe       _
                                    UNITED STATES MAGISTRATE JUDGE